# Supreme Court of the Navajo Nation

**Joe L. Bergen, Appellant,**
v.
**Alvin Young, et al., Appellees.**
**Decided February 15, 1990**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Gary E. LaRance, Esq., Tuba City, Arizona, for the Appellant; and Robert C. Ericson, Esq., Albuquerque, New Mexico, for the Appellees.

Opinion delivered by Bluehouse, Associate Justice.

The issue is whether this appeal should be dismissed because the appellant failed to file his brief in accordance with Rule 12 of the Navajo Rules of Civil Appellate Procedure. We dismiss the appeal.

### I

The final judgment was entered by the Window Rock District Court on October 10, 1989. Appellant Bergen filed his notice of appeal with this Court on October 25, 1989. On November 20, 1989, the supreme court clerk mailed by certified mail, return receipt requested, the notice of docketed appeal to Bergen's attorney pursuant to NRCAP 10(b). The notice informed Bergen that his brief was due in accordance with NRCAP 12. No brief was ever filed by Bergen. On February 12, 1990, the appellees filed this motion to dismiss the appeal citing Bergen's failure to file a brief pursuant to NRCAP 12.

### II

The civil appellate rules require the appellant to file his opening brief within 30 days after the supreme court clerk gives notice of docketed appeal. NRCAP 12(a). If the clerk mails the notice, the appellant has an additional seven days to file his opening brief. NRCAP 5(c). Pursuant to these rules, Bergen had 37 days from November 20, 1989 to file his brief. Bergen's brief should have been filed on or before December 27, 1989.

The civil appellate rules provide that "[i]f an appellant does not timely file a brief, the Supreme Court, upon appellee's motion, may dismiss the appeal."

NRCAP 12(C). Here, the appellees relied upon NRCAP 12(c) to request dismissal of the appeal. We previously construed NRCAP 12(c) to require summary dismissal of an appeal where the appellant has failed to file his brief by the time the appellee files a motion to dismiss the appeal. *Kinney v. Navajo Nation*, 6 Nav. R. 126 (1989). This rule is firmly established and we are bound to follow it.

Nearly two months have elapsed since the date appellant should have filed his brief. The appellant's failure to file his brief has caused this appeal to sit without action by this Court. An appeal should never be filed if the appellant has no desire to proceed with the appeal to completion. Otherwise, if an appeal is filed, but the appellant does not desire to proceed on the appeal, he should immediately request dismissal of the appeal. This procedure saves the appellee time and expense and it ensures judicial efficiency. See *Begay v. Begay*, 6 Nav. R. 120 (1989).

The appeal is dismissed.